21 F.3d 1114
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William Floyd MILLER, Petitioner-Appellant,
v.
Lloyd F. HAMES, Commissioner, Respondent-Appellee.
 No. 93-35388.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 13, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Floyd Miller, an Alaska state prisoner, appeals the denial of his 28 U.S.C. Sec. 2254 habeas petition challenging his conviction for first degree murder. Miller contends that he was denied due process when the court failed to sever his trial from that of his co-defendant, Dwaine Chambers. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Chatman v. Marquez, 754 F.2d 1531, 1533-34 (9th Cir.), cert. denied, 474 U.S. 841 (1985), and affirm.
 
 
 3
 Improper joinder of parties in a criminal trial rises to the level of a constitutional violation only if it results in prejudice so great as to deny a defendant his right to a fair trial. United States v. Lane, 474 U.S. 438, 446 n. 8 (1985); see Zafiro v. United States, 113 S.Ct. 933, 937 (1993); United States v. Tootick, 952 F.2d 1078, 1082 (9th Cir.1991). Generally, "[u]nfair prejudice is measured by the degree to which a jury responds negatively to some aspect of evidence unrelated to its tendency to make a fact in issue more or less probable." United States v. Johnson, 820 F.2d 1065, 1069 (9th Cir.1987). Defendants pleading mutually exclusive defenses, where the acquittal of one codefendant would necessarily call for the conviction of the other, is not prejudice per se, Zafiro, 113 S.Ct. at 938, but it can have a prejudicial effect upon the jury, Tootick, 952 F.2d at 1982.
 
 
 4
 With respect to mutually antagonistic defenses in a joint trial, prejudice could result in several specific ways. For example, defendants who accuse each other bring the effect of a second prosecutor into the case who is not always held to the limitations and standards imposed on the government prosecutor. Id. Second, a defendant might suffer prejudice if essential exculpatory evidence that would be available to him if tried alone were unavailable at a joint trial. Zafiro, 113 S.Ct. at 938. Third, evidence of codefendant's wrongdoing in some circumstances could lead a jury erroneously conclude that a defendant was guilty. Id.
 
 
 5
 When the risk of prejudice is high, limiting instructions made by the trial court will often suffice to cure any risk of prejudice. Zafiro, 113 S.Ct. at 938. In order to neutralize prejudice, however, the court must actively supervise the trial, making timely and proper instructions, and if necessary, reiterate instructions in the wake of prejudicial events. United States v. Sherlock, 865 F.2d 1069, 1080 (9th Cir.1989), cert. denied, 113 S.Ct. 419 (1992). Thus, the trial court's diligence in instructing the jury on the limited purposes for which various evidence may be used is a "critical factor" in assessing the jury's ability to compartmentalize the evidence against each defendant. United States v. Cuozzo, 962 F.2d 945, 949 (9th Cir.), cert. denied, 113 S.Ct. 475 (1992); Tootick, 952 F.2d at 1082.
 
 
 6
 Here, petitioner Miller and Chambers were jointly tried and convicted of first degree murder for the stabbing of Martin Valentine.[1] At their joint trial, each defendant accused the other of committing the crime. Neither Chambers nor Miller testified, relying primarily on the cross-examination testimony from the state's witnesses. The state argued that Miller and Chambers both stabbed the victim, placing them at the scene of the crime wielding knives. At trial, Miller made two motions to sever his trial from Chambers, but they were denied.[2]
 
 
 7
 Before the state's opening remarks, the trial court instructed the jury not to form an opinion of the case until all the evidence was in, and that the state had the burden of proof. At the conclusion of the case, the court instructed the jury that the burden of proving the defendant guilty beyond a reasonable doubt always rests upon the prosecution, the arguments of counsel are not evidence, the jury must give separate consideration to each individual defendant, and the guilt of one co-defendant may be established without proof that all defendants perpetrated every act constituting the offense charged. The court also gave the jury an accomplice instruction.
 
 
 8
 Although the trial court did not provide any limiting instructions to the jury while the co-defendants presented their mutually antagonistic defenses, there were two key moments in the presentation of their respective cases which could have prejudiced the jury's independent deliberation regarding each of the defendants' guilt. First, Miller intended to introduce incriminating statements made by Chambers to the arresting officer that Chambers would take full responsibility for what had happened, and that Miller had tried to stop him. The prosecutor stated that he did not intend to introduce Chambers' statements because of Bruton[3] problems. Chambers claimed that he wanted a severance if Miller's request to admit his statements was granted; Miller responded that he wanted a severance if his request was denied. The court denied the requests for severance and allowed the statements into evidence. Thus, by virtue of the joint trial, the admission of Chambers' statements was to Miller's benefit. Therefore if any prejudice existed, it was to Chambers' detriment, not Miller's. See Zafiro, 113 S.Ct. at 938.
 
 
 9
 Second, Chambers informed the court that he wished to introduce evidence of Miller's violent conduct in bars earlier in the night of the murder for the purposes of showing that Miller was acting as the aggressor all evening. Miller objected, stating he wanted a separate trial if the trial court admitted this evidence. The trial court ruled that this evidence would not be admitted, precluding Chambers from offering evidence that may have been probative of a Miller's guilt. Although the possibility of prejudice existed if Chambers was allowed to introduce this evidence against Miller, the court's decision to preclude Miller's past behavior did not interfere with the jury's deliberation. See id.
 
 
 10
 Thus, because Miller was not inhibited in putting forth any of his defenses, and the trial court offered the jury instructions to assist it in compartmentalizing the evidence against each defendant independently, the joint trial of Miller and Chambers did not prejudice Miller's right to a fair trial, nor prevent the jury from making a reliable judgment about his guilt or innocence. See Zafiro 113 S.Ct. at 937; Lane, 474 U.S. at 446 n. 8; Cuozzo, 962 F.2d at 949; Tootick, 952 F.2d at 1082.
 
 
 11
 Accordingly, the district court did not err in denying Miller's habeas corpus petition.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Alaska Criminal Rule 8(b) provides that two or more defendants may be charged in the same indictment if they are alleged to have participated in the same act or series of acts constituting an offense or offenses
 
 
 [2]
 Alaska Criminal Rule 14 recognizes that joinder, even when proper under Rule 8(b), may prejudice a defendant and require the severance of defendants
 
 
 [3]
 Bruton v. United States, 391 U.S. 123 (1968) (limiting admission of confession of non-testifying co-defendant at joint trial)